IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3059-F

| | | |
|---|---|---|
| DWIGHT WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT G. JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant Patterson's motion to dismiss [DE-14]. For the following reasons, the motion to dismiss is ALLOWED.

## I. STATEMENT OF THE CASE

On March 18, 2013, Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs. Plaintiff's claims against Defendant Patterson[1] survived frivolity review on March 20, 2014 [DE-6], and the Clerk of Court was directed to maintain management of Plaintiff's complaint. Defendant Patterson filed the instant motion to dismiss [DE-14] and her answer [DE-16] on August 1, 2014. The court notified Plaintiff about the motion to dismiss, the consequences of failing to respond, and the response deadline on August 4, 2014 [DE-17]. Plaintiff responded to the instant motion to dismiss on August 18, 2014 [DE-18], and the matter is now ripe for adjudication.

---

[1] Plaintiff's claims against the remaining defendants were dismissed as frivolous. *See* March 20, 2014 Order [DE-6].

## II. STATEMENT OF THE FACTS

Between September and October of 2011, Plaintiff was incarcerated at Pasquotank Correctional Institution ("Pasquotank"). Compl. [DE-1], p. 4.[2] During this time, Plaintiff experienced symptoms "consisting of pain and discomfort of the upper abdomen, bloating . . . lack of appetite, nausea, dark (tar-colored) stools, fatigue, and a lumpy feeling in [his] throat." Id. He was examined several times by the Pasquotank nursing staff in relation to these complaints. Id. In addition, Plaintiff also had three stool samples tested. Id. at p. 5. As a result of these examinations and test results, Plaintiff was prescribed Zantac. Id. at pp. 4-5.

Plaintiff's symptoms worsened, and he was examined again in December, 2011. Id. at p. 5. He was diagnosed with acid reflux, and the dosage of his Zantac prescription was doubled. Id. Plaintiff was also treated for swollen hemorrhoids, and was prescribed a "hemorrhoidal ointment and suppositories." Id. At this point, Plaintiff requested that the medical staff at Pasquotank "check for other common illness as to why [he] was experiencing these symptoms." Id. The medical staff responded that "there [was] nothing else to be done" and advised Plaintiff to "continue to take the prescribed medicine." Id. at pp. 5-6. Plaintiff alleges his condition worsened under this treatment. Id. at p. 6.

Plaintiff was examined again several times in February, 2012. Id. As part of these examinations, Plaintiff had another stool sample tested and also underwent blood tests. Id. On February 22, 2012, Plaintiff was diagnosed with a Helicobacter Pylori ("H. Pylori") infection and prescribed Prevacid, Biaxin, and Amoxicillin. Id. In addition, Plaintiff requested and was provided a patient information printout describing H. Pylori. Id. at p. 7.

---

[2] He is now incarcerated at Harnett Correctional Institution [DE-18-1].

Plaintiff now complains that Defendants did not follow "mainstream medicine" due to a delay in post-treatment testing to ensure that Plaintiff's infection had fully resolved. Id. at p. 9. On March 15, 2012, Plaintiff submitted a grievance "in an attempt to get the follow-up treatment . . . after the completion of the medication regimen[ ] to ensure that the H. Pylori had resolved." Id. at p. 10. Plaintiff was examined by Defendant Patterson[3] on March 21, 2012. Id. Defendant Patterson stated that she would not perform the post-treatment testing requested by Plaintiff because a medical "provider [did not] write an order for a follow-up in the medical file." Id. However, on March 28, 2012 and March 30, 2012, Plaintiff was examined again and several diagnostic tests were performed "to see if the H. Pylori infection had resolved." Id. at p. 13. After undergoing treatment and post-treatment testing, Plaintiff does not allege that he experienced any further symptoms.

### III. DISCUSSION

Defendant Patterson asserts that Plaintiff has failed to state any claim upon which relief could be granted and that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in Twombly upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. See Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir.2009), cert. denied, 559 U.S. 992 (2010). Accordingly, while a reviewing court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the

---

[3] Defendant Patterson is a registered nurse. Compl. [DE-1], p. 10.

plaintiff," Philips v. Pitt County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009), the court still "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). In doing so, "the court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385–86 (quotation marks and alteration marks omitted).

Plaintiff contends that Defendant Patterson was deliberately indifferent to his serious medical needs. "A deliberate indifference claim consists of two components, objective and subjective." Jackson v. Lightsey, ___F. 3d.___, 2014 WL 7210989, at *5 (4th Cir. Dec. 18, 2014). "Objectively, the inmate's medical condition must be 'serious'—'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Iko v. Shreve, 535 F.3d 225, 241 (4th Cir.2008)). As to the subjective component, "[a]n official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively 'knows of and disregards an excessive risk to inmate health or safety.'" Id.(quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Unless medical needs were serious or life threatening, and a defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle v. Gamble, 429 U.S. 97, 105 (1976). A prisoner is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318–19 (4th Cir. 1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06.

Plaintiff has not alleged a claim for deliberate indifference to a serious medical need. An

inmate is not entitled to unqualified access to health care and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. Bowring v. Godwin, 551 F.2d 44, 47–48 (4th Cir.1977). Likewise, "[d]isagreements over medications, diagnostic techniques, forms of treatment, the need for specialists, and the timing of their intervention implicate medical judgments and not the Eighth Amendment." Jordan v. Fischer, 773 F. Supp. 2d 255, 276 (N.D.N.Y. 2011); see Estelle, 429 U.S. at 105–06. Here, Plaintiff does not allege that he did not receive any treatment or that a physician's orders were not carried out. Plaintiff concedes that he was examined numerous times and was prescribed several medications for his H. Pylori infection. Rather, he merely disagrees with Defendant Patterson's refusal to conduct additional testing to determine whether his H. Pylori infection had fully resolved. Compl. [DE-1], pp. 4-13. Moreover, the requested testing was conducted approximately a week after Defendant Patterson's initial refusal. Id. at pp. 12-13. Plaintiff's allegations fail to state a claim, and his complaint is therefore DISMISSED. See Witherspoon v. United States, No. 1:07-0802, 2011 WL 4596654, at *15 (S.D.W. Va. Jan. 3, 2011) (noting that a plaintiff failed to state a claim when she "was consistently evaluated and prescribed medication for her H. Pylori") report and recommendation adopted, 2011 WL 4596442 (S.D.W. Va. Sept. 30, 2011).

## IV. CONCLUSION

For the aforementioned reasons, Defendant Patterson's motion to dismiss [DE-14] is ALLOWED, and Plaintiff's complaint is DISMISSED. The Clerk of Court is DIRECTED instructed to close this case.

SO ORDERED. This the 24 day of December, 2014.

_____
JAMES C. FOX
Senior United States District Judge

6